# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| BAKKEN RESOURCES, INC., a Nevada corporation, | Case No. 3:17-cv-00167-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ALLAN G. HOLMS, an individual, MANUEL GRAIWER, an individual, DOES 1-10 and ROE ENTITIES I-X, | |
| Defendants. | |

This action was removed from the Second Judicial District Court in and for the County of Washoe on March 17, 2017. (ECF No. 1.) The state court had granted Plaintiff's ex parte motion for a temporary restraining order ("TRO") and set a hearing for March 6, 2017. (ECF No. 1-4.) The state court subsequently granted Plaintiff's request to extend the TRO because Plaintiff had not been able to perfect service and set a hearing for March 28, 2017. (ECF No. 9-1.) Before the Court is Plaintiff's emergency motion to extend the TRO ("Motion"). (ECF No. 13.) The Court has reviewed Defendant's response ("Response") (ECF No. 14), which was filed within the short response time set by the Court.

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable

harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). Here, Plaintiff has satisfied the *Winter* factor to warrant an extension of the TRO pending a hearing.

Accordingly, Plaintiff's emergency motion to extend the TRO ("ECF No. 13) is granted. The TRO will be extended pending a hearing.

Plaintiff asks the Court to set a briefing schedule on a motion for preliminary injunction. However, no such motion has been filed with the Court. To the extent such a motion was filed before removal, the motion would have been automatically denied without prejudice and would need to be refiled pursuant to LR 81-1. However, to avoid further delay, the Court will construe Plaintiff's emergency motion to extend (ECF No 13) as a motion for preliminary injunction. So construed, Defendant will have until April 4, 2017, to respond and Plaintiff will have until April 7, 2017, to file a reply. Because Defendant's pending motion to dismiss (ECF No. 2) may render the motion for preliminary injunction moot, the Court will address the motion to dismiss at or before the scheduled hearing. Accordingly, the Court will make slight modification to the briefing schedule on Defendant's motion to dismiss. Plaintiff will have until March 30, 2017, to respond and Defendant will have until April 7, 2017, to reply. A separate minute order will be set scheduling the hearing.

The Court will issue a separate minute order setting a hearing on Plaintiff's motion.

DATED THIS 28th day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE