# EXHIBIT 14

# EXHIBIT 14

EXHIBIT 14





**ORIGINAL**

1417
Code 3847



FILED

2012 JUN -8 AM 9: 46

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

ROIL ENERGY, LLC., a Nevada Limited Liability Company, by and through the Derivative claim of ALLAN HOLMS, a Married man and a Washington resident; and ALLAN HOLMS, individually, a married Man and a Washington Resident,

    Plaintiffs

JOSEPH ("JAY") EDINGTON and JANE DOE EDINGTON, husband and wife and Residents of Spokane County, Washington; TOLL RESERVE CONSORTIUM INC., ET AL

Case No. CV12-01522

Dept. No. 10

## **OUT OF STATE COMMISSION**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SPOKANE COUNTY

| | |
|---|---|
| ROIL ENERGY, LLC., a Nevada Limited Liability Company, by and through the derivative claim of ALLAN HOLMS, a married man and a Washington resident; and ALLAN HOLMS, individually, a married man and a Washington Resident,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSEPH ("JAY") EDINGTON and JANE DOE EDINGTON, husband and wife and residents of Spokane County, Washington; TOLL RESERVE CONSORTIUM INC., a Nevada Corporation recently renamed as HOLMS ENERGY DEVELOPMENT CORPORATION, a Nevada Corporation; VAL AND MARI HOLMS, husband and wife, and the marital community comprised thereof, residents of the State of Montana; HOLMS ENERGY, LLC, a Nevada Limited Liability Company, and BAKKEN RESOURCES, INC., a Nevada Corporation,<br><br>Defendants. | Case No. 12-2-01039-5<br><br>SUBPOENA IN A CIVIL CASE |

TO:  NEVADA AGENCY AND TRANSFER COMPANY
     50 West Liberty Street, Suite 880
     Reno, Nevada 89501

SUBPOENA IN A CIVIL CASE - Page 1 of 8

REED & GIESA, P.S.
ATTORNEYS AT LAW
222 NORTH WALL STREET, SUITE 410
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 838-6341
(509) 838-8341

IF YOU DO NOT **EXERCISE THE ALTERNATIVE** EXPLAINED AT PAGE 6 OF THIS SUBPOENA THEN,

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the documents listed on **Exhibit "A"** attached hereto or tangible things at the place, date, and time specified below.

| PLACE: | DATE AND TIME: |
|---|---|
| Robison, Belaustegui, Sharp & Low<br>71 Washington Street<br>Reno, Nevada 89503 | June 25, 2012 at 1:00 p.m. |

IF YOU DO NOT **EXERCISE THE ALTERNATIVE** EXPLAINED AT PAGE 6 OF THIS SUBPOENA THEN,

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, before a Notary Public/Court Reporter or other official authorized by law to administer oaths.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. CR 30(b)(6).

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|
| Robison, Belaustegui, Sharp & Low<br>71 Washington Street<br>Reno, Nevada 89503 | June 25, 2012 at 1:00 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE:<br><br>_[signature]_, Attorney for Plaintiff. | DATE:<br><br>June 6, 2012 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER:<br>D. Roger Reed<br>Robin Lynn Haynes<br>Reed & Giesa, P.S.<br>222 North Wall Street, Suite 410<br>Spokane, WA 99201<br>509-838-8341 | ATTORNEY FOR:<br><br>Plaintiff<br>WSBA #662<br>WSBA # 38116 |

SUBPOENA IN A CIVIL CASE - Page 2 of 8

REED & GIESA, P.S.
ATTORNEYS AT LAW
222 NORTH WALL STREET, SUITE 410
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 838-6341
(509) 838-8941

## PROOF OF SERVICE

| NAME OF PERSON SERVED: | MANNER OF SERVICE: |
|---|---|
| PLACE OF SERVICE: | DATE OF SERVICE: |

| TITLE OF PERSON SERVED: (IF SERVICE IS UPON BUSINESS OR ORGANIZATION) |
|---|
| |

| SERVED BY: (PRINT NAME) | TITLE OF PERSON SERVING: |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the State of Washington that the foregoing information contained in the Proof of Service is true and correct.

| EXCUTED ON THE DATE OF: | PLACE: |
|---|---|
| SIGNATURE OF SERVER: | |
| PRINTED NAME AND ADDRESS OF SERVER: | PHONE: |

SUBPOENA IN A CIVIL CASE - Page 3 of 8

REED & GIESA, P.S.
ATTORNEYS AT LAW
222 NORTH WALL STREET, SUITE 410
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 838-6341
(509) 838-8341

Pursuant to CR 45, a recitation of Sections (c) and (d) follows:

(c) **Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to subsection (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce and all other parties, move at any time for an order to compel the production. Such and order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) fails to comply with RCW 5.56.010 or subsection (e)(2) of this rule;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden, provided that the court may condition denial of the motion upon a requirement that the subpoenaing party advance the reasonable cost of producing the books, papers, documents, or tangible things.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **Duties in Responding to Subpoena**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information in camera to the court for a determination of the claim. The person responding to the subpoena must preserve the information until the claim is resolved.

SUBPOENA IN A CIVIL CASE - Page 4 of 8

REED & GIESA, P.S.
ATTORNEYS AT LAW
222 NORTH WALL STREET, SUITE 410
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 838-6341
(509) 838-8341

## EXHIBIT "A"

THE RECORDS CUSTODIAN OF *NEVADA AGENCY AND TRANSFER COMPANY* IS ALSO COMMANDED TO PRODUCE at the law offices of Robison, Belaustegui, Sharp & Low, 71 Washington Street, 89503 on June 25, 2012, by 1:00 p.m. the following documents:

All records or "documents," as defined in Exhibit "1" attached hereto, which are in your custody, possession or control that pertain to or concern Bakken Resources, Inc., a Nevada Corporation, f/k/a Multisys Language Solutions, Inc., (hereafter referenced at "BRI") for the period November 1, 2008 through the present, including but not limited to:

1. Transaction reports of issuances and cancellations of BRI stock since November 1, 2008 through the present;

2. Shareholders list of BRI shareholders with names and addresses, dates, certificate numbers, restrictions, amount of shares and total shares held since November 1, 2008 through the present;

3. Control and/or Restricted sheets showing original issuances and changes to outstanding shares with corporate actions (reverse splits) or cancellations back to treasury, since November 1, 2008 through the present;

4. Any communications, regarding BRI, that occurred since November 1, 2008 through the present, that pertain to: Joseph Edington, Janelle L. Edington, Sherry Edington, Jerrod Edington, Val M. Holms, Mari P. Holms, Christopher Wetzel, Raymond Kuh, Manny XXXXXX, Manny Graiwer, Wesley J. Paul, Roil Energy, LLC, a Nevada Limited Liability Company, Holms Energy, LLC, Toll Reserve Consortium, Inc., a Nevada Corporation, Southwest Consulting Services, Inc. and/or the U.S. Securities and Exchange Commission relating to any of the above or the Financial Regulatory Authority relating to any of the above;

SUBPOENA IN A CIVIL CASE - Page 5 of 8

REED & GIESA, P.S.
ATTORNEYS AT LAW
222 NORTH WALL STREET, SUITE 410
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 838-8341
(509) 838-8341

5.  Shareholder account ledgers for Joseph Edington, Janelle L. Edington, Sherry Edington, Jerod Edington, Val M. Holms, Mari P. Holms, Christopher Wetzel, Raymond Kuh, Manny XXXXXX, Manny Graiwer, Wesley J. Paul, Roil Energy, LLC, a Nevada Limited liability Company, Holms Energy, LLC, Toll Reserve Consortium, Inc., a Nevada Corporation, Southwest Consulting Services, Inc. since November 1, 2008 through the present;

6.  All stock/share registers and/or any other transactional documents relating to the issuance, transfer, purchase and/or sale of any and all stock/share certificates for Bakken Resources, Inc., a Nevada Corporation, f/k/a Multisys Language Solutions, Inc., for the period November 1, 2008 through the present.; and,

7.  Contracts and agreements, together with related correspondence, between Empire Transfer, Inc. and Bakken Resources, Inc., a Nevada Corporation, and/or Multisys Language Solutions, Inc., together with all accounting records, journal entries, balance sheets, documenting the monies owed to the Empire Stock Transfer for services rendered to either or both Bakken Resources, Inc., a Nevada Corporation, and/or Multisys Language Solutions, Inc.

The production of the aforementioned documents should be in electronic form.

Alternatively, it is not necessary for you to appear for the deposition as scheduled, provided that you tender complete and legible copies of the above-requested documents, along with an executed copy of the Declaration of Authenticity (Exhibit "B"), to the offices of Reed & Giesa, P.S., 222 North Wall Street, Suite 410, Spokane, Washington 99201, by **no later than June 25, 2012 at 1:00 p.m.**

SUBPOENA IN A CIVIL CASE - Page 6 of 8

REED & GIESA, P.S.
ATTORNEYS AT LAW
222 North Wall Street, Suite 410
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 838-6341
(509) 838-6341

# EXHIBIT "B"

## DECLARATION OF AUTHENTICITY

I,_____, declare:

That I am the records custodian for **Nevada Agency and Transfer Company**, and the documents produced herewith are true and correct copies thereof.

This Declaration is given in connection with a case of proceedings entitled *Roil Energy, LLC, et. al., vs. Joseph Edington, et. al.*, Spokane County Superior Court Cause No. 12-2-01039-5.

I hereby certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my information and knowledge.

Executed on this ____ day of _____, 2012, at _____ [city], _____ [state].

**Nevada Agency and Transfer Company**

By:_____

SUBPOENA IN A CIVIL CASE - Page 7 of 8

REED & GIESA, P.S.
ATTORNEYS AT LAW
222 NORTH WALL STREET, SUITE 410
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 838-6341
(509) 838-8341

# EXHIBIT "1"

## DEFINITIONS

"Document(s)" as used herein, without limitation and in the broadest sense possible, refers to the original and any identical or non-identical copy of any original, of any physical source of information, regardless of its manner of representation, consisting of all "writings" and "photographs" as defined in Evidence Rule 1001, and which includes any manner whatsoever of recorded or electronically stored or generated material, data, information, images, or sounds, and/or any other form of information, including, but not limited to: computer diskettes (hard or floppy), CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kinds, and computer chips (including but not limited to EPROM, PROM, RAM, and ROM), data and information stored on computer hard drives, computer printouts, facsimiles (or faxes) (whether in hard copy or electronic form), teletypes, telecopies, telegrams, cables, E-mail or other records of communications by or using computers or other electronic equipment, microfilms, transcripts, photographs, slides, films, movies, video recordings, tape recordings, and graphics or audio or visual or audio visual records of any kind, books, magazines, pamphlets, brochures, bulletins, publications, printed matter, letters, notes, notations of any sort of conversations, telephone calls, meetings, or other communications, interoffice and intraoffice communications, diaries, calendars, appointment books, time sheets, logs, schedules, memoranda, reports, working papers, charts, diagrams, studies, scientific reports, analyses, manuals, drawings, drafts, tabulations, indices, minutes, contracts, agreements, studies, statistics, files, price catalogs, orders, invoices, statements, receipts, checks, warranties, guaranties, summaries, work sheets, meeting and other minutes, notices, prospectuses, agendas, and all notations on the foregoing and all copies thereof.

"Document(s)" also means, without limitation, the file and folder tabs associated with each original and/or copy, and all correspondence or equivalent transmitting such document and/or explaining and/or commenting on the contents thereof, and all attachments, enclosures, and working papers.

SUBPOENA IN A CIVIL CASE - Page 8 of 8

REED & GIESA, P.S.
ATTORNEYS AT LAW
222 NORTH WALL STREET, SUITE 410
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 838-6341
(509) 838-8341

| | |
|---|---|
| 1 | |
| 2 | **SECOND JUDICIAL DISTRICT COURT**<br>**COUNTY OF WASHOE, STATE OF NEVADA** |
| 3 | **AFFIRMATION** |
| 4 | **Pursuant to NRS 239B.030** |
| 5 | The undersigned does hereby affirm that the preceding document, _____ |
| 6 | **Subpoena Duces Tecum** |
| 7 | _____ |
| 8 | (Title of Document) |
| 9 | filed in case number:_____ |
| 10 | |
| 11 | ✓ Document does not contain the social security number of any person |
| 12 | -OR- |
| 13 | ☐ Document contains the social security number of a person as required by: |
| 14 | ☐ A specific state or federal law, to wit: |
| 15 | |
| 16 | (State specific state or federal law) |
| 17 | -or- |
| 18 | ☐ For the administration of a public program |
| 19 | -or- |
| 20 | ☐ For an application for a federal or state grant |
| 21 | -or- |
| 22 | ☐ Confidential Family Court Information Sheet<br>(NRS 125.130, NRS 125.230 and NRS 125B.055) |
| 23 | |
| 24 | Date: June 7, 2012. |
| 25 | (Signature) |
| 26 | FRANK C. GILMORE, ESQ. |
| 27 | (Print Name)<br>PLAINTIFF |
| 28 | (Attorney for) |

Affirmation
Revised December 15, 2006