UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BAKKEN RESOURCES, INC., a Nevada corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>ALLAN G. HOLMS, an individual, MANUEL GRAIWER, an individual, DOES 1-10 and ROE ENTITIEES I-X,<br><br>        Defendants. | Case No. 3:17-cv-000167-MMD-VPC<br><br>ORDER<br><br>(Plaintiff's Motion to Remand – ECF No. 34) |

## I. INTRODUCTION

This case comes before this Court through Defendant Allan Holms' ("Allan") Notice of Removal.[1] (ECF No. 1.) Defendant Manuel Graiwer filed a Joinder and Consent to the Notice of Removal. (ECF No. 24.) Plaintiff Bakken Resources, Inc. ("Bakken") filed this action in the Second Judicial District Court in Washoe County, Nevada, alleging a variety of fraudulent misconduct by Defendants. (ECF No. 1-2.) Bakken now seeks to remand and to obtain an award of costs and fees, contending that Allan lacked an objectively reasonable basis for removal. For the reasons discussed below, Bakken's Motion is granted in part and denied in part. Bakken's request for remand is granted and its request for fees and costs is denied.

---

[1] The underlying facts in the case involve both Allan Holms and his deceased brother Val Holms ("Val"). Bakken refers to the two by their first names in order to avoid confusion, and the Court will do the same.

## II. BACKGROUND

Bakken originally filed suit in the Second Judicial District Court, seeking injunctive and declaratory relief against Allan, damages from Graiwer,[2] and attorney fees and costs from both defendants. (ECF No. 1-2.) The Court need not recount the long and winding history between the parties for the purposes of this Order, suffice to say that, generally, Bakken alleges Allan is attempting a hostile takeover of the company through fraud. More specifically, Bakken alleges that Allan is attempting to obtain his deceased brother Val's shares of the company through, among other inconsistencies, producing documents containing forged signatures. (*Id.* at 8-15.) Additionally, Bakken alleges that Allan filed a form with the Securities and Exchange Commission ("SEC") containing false information — namely representing himself as president and a director of the company. (*Id.* ¶¶ 61-63.) Bakken seeks to enjoin Allan from transferring a number of shares to himself and from filing any additional documents with the SEC indicating that he is "an officer, director, or ten percent (10%) shareholder" of the company. (*Id.* at 23-24.)

In his Notice of Removal, Allan identifies diversity between the parties as the basis for removal and claims that the amount in controversy requirement is met because the combination of monetary damages, attorney fees, and the cost of complying with Bakken's requested injunction would exceed $75,000. (ECF No. 1 at 2.) In support of his assertion, Allan cites *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001), where the Ninth Circuit reiterated and applied the rule that the cost of complying with injunctive relief can satisfy the amount in controversy requirement for diversity jurisdiction. (*Id.*)

Bakken moves to remand based on its contention that the amount in controversy does not exceed $75,000, as required by 28 U.S.C. § 1332. (ECF No. 34.) The central dispute between the parties, and the question for the Court, is whether Bakken's request for injunctive relief will "cost" Allan the alleged $3,148,200 value of the stock at issue, or

---

[2]The complaint alleges a claim for conversion against Graiwer, seeking damages in the amount of $19,929.00. (ECF No. 1-2 at 19-20.)

2

whether, since Allan does not currently have any ownership interest in the stock, complying with an injunction will only cost him some negligible amount. Because Bakken only seeks injunctive and declaratory relief against Allan, the question of subject matter jurisdiction turns on whether the Court considers the alleged value of the stock as part of the amount in controversy.

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-

type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation omitted).

## IV. DISCUSSION

### A. Remand

Bakken argues that it is only seeking injunctive and declaratory relief against Allan, and is not asserting any ownership interest in the stock, therefore the value of the stock is not relevant to the amount in controversy analysis. (ECF No. 44 at 6-7.) In particular, Bakken seeks to enjoin Allan from transferring shares of stock or filing "additional documents with the SEC that purport, indicate or in any way claim that Allan is either an officer, director, or ten percent (10%) shareholder of [Bakken]." (ECF No. 1-2 ¶ 86.) Bakken characterizes the object of the litigation as a request for "Plaintiff to conduct its business affairs as a publicly traded corporation free from the interference and disruption caused by Allan's improper documents filed with the SEC and repeated attempts to transfer Val's shares based on forged signatures and medallion guarantee stamps." (*Id.* at 6.)

In cases like this one, where a party is seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (U.S. 1977). In other words, the Court must determine what is at stake posed by Bakken's request for an injunction. "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford* 264 F.3d at 958 (internal citations and quotes omitted). If the cost of complying with the judgment exceeds the threshold, then the amount in controversy requirement is met.

In an analogous context, where parties have sought to enjoin a bank from foreclosing on a home, the court considered the value of the home when evaluating the amount in controversy. *See, e.g.*, *Tapia v. Cal-W. Reconveyance Corp.*, No. 2:12-CV-

00105-MMD, 2012 WL 3231018, at *3 (D. Nev. Aug. 6, 2012). Similarly, where ownership of shares of stock are at issue, the value of those shares can satisfy the amount in controversy requirement. *See Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).

Bakken's requested injunctive and declaratory relief, however, differ from these cases in an important way — Allan does not have a present claim to the stock. Allan argues that granting Bakken's request would cause him to "lose the ability to own, control, ostensibly, dispose of, an asset worth approximately $3,148,200." (ECF No. 40 at 3.) However, as alleged in the complaint, Allan has been unable to provide the transfer agent with the documents necessary to transfer Val's shares. (ECF No. 1-2 ¶¶ 52, 53.) Furthermore, Bakken alleges there is no indication that the shares have moved out of Val's estate. (*Id.* ¶¶ 57, 65.)

Bakken is attempting to enjoin Allan from any further attempts to gain Val's shares through fraud or making unfounded claims about his authority within the company. Bakken is not seeking to disgorge Allan of anything he currently owns or anything in which he as any kind of discernable property interest. The most straightforward reading of the complaint reveals a dispute about Allan's relationship with, and representations about, the company, rather than a dispute about ownership of Val's stock shares. Therefore, the Court finds that, in contrast to the foreclosure and contract cases cited above, the object of Bakken's suit is not Val's shares, and on the face of the complaint the cost of complying with the requested relief does not clearly rise to $75,000. Nor has Allan shown by a preponderance of the evidence any other way in which the amount is met.

For these reasons, Allan has failed to meet his burden establishing a basis for subject matter jurisdiction. The Court will grant Bakken's Motion with respect to remand.

### B. Attorney Fees

Bakken also seeks fees and costs pursuant to 14 U.S.C. § 1447(c), which allows a court to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of costs and fees is discretionary, but the Supreme Court has cautioned that, "[a]bsent unusual circumstances, courts may award attorney's fees

1 | under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The circumstances here do not warrant an award of costs and fees. Allan's removal was based on a plausible legal theory — that the value of Val's stocks should be considered as part of the amount in controversy. Therefore, Bakken's request for fees and costs is denied.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Plaintiff's Motion to Remand (ECF No. 34) is granted. It is ordered that this case be remanded.

DATED THIS 18th day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE